UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Lakeisha Giddings<br><br>    Plaintiff,<br><br>v.<br><br>The Outsource Group dba Medicredit, Inc.<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Lakeisha Giddings, ("Lakeisha"), is a natural person who resided in Dallas, Texas, at all times relevant to this action.

2. Defendant, The Outsource Group dba Medicredit, Inc., ("Medicredit"), is a Missouri Corporation that maintained its principal place of business in Columbia, Missouri.  The Outsource Group, Medicredit's Parent Company, had a collection office in Houston, Texas, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides and is subject to personal jurisdiction in this judicial district.

1

## STATEMENT OF FACTS

5. Medicredit uses a predictive dialer system.

6. Before Medicredit began contacting Lakeisha, it and Lakeisha had no prior business relationship and Lakeisha had never provided express consent to Medicredit to be contacted on her cellular telephone.

7. Medicredit regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of Medicredit's revenue is debt collection.

9. Medicredit is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, Medicredit contacted Lakeisha to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Lakeisha is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, Medicredit willingly and knowingly used an automatic telephone dialing system to call Lakeisha on her cellular phone multiple times in violation of the TCPA.

14. Around February 2014, Medicredit contacted Lakeisha on Lakeisha's cellular phone in an attempt to collect a debt for another individual.

15. During this communication, Lakeisha notified Medicredit that Lakeisha was not the individual Medicredit was looking for and communicated her desire that Medicredit cease calling her.

16. Despite being notified of this desire, Medicredit continued to call Lakeisha as recently as around August 2014.

17. On at least one occasion, Lakeisha requested Medicredit put Lakeisha on the Do Not Call list.

18. In response, Medicredit hung up on Lakeisha.

19. On or around August 1, 2014, Lakeisha notified Medicredit that Lakeisha was represented by legal counsel and provided Lakeisha's attorney's contact information.

20. Despite this notice, Medicredit continued to contact Lakeisha on Lakeisha's cellular phone as recently as on or around August 19, 2014.

21. Lakeisha repeatedly communicated her desire that Medicredit cease calling her.

22. Medicredit's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving consumers like Lakeisha.

23. Medicredit unreasonably relied upon inaccurate information provided to Medicredit by one (1) or more original creditors for whom Medicredit was attempting to collect a debt when Medicredit called Lakeisha's cellular telephone.

24. Medcredit's policies and procedures violate the FDCPA.

25. Medicredit caused Lakeisha emotional distress.

26. Medicredit attempted to collect a debt from Lakeisha.

27. Medicredit violated the FDCPA and the TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

**Violations of the Telephone Consumer Protection Act**

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

38. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

39. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA


By:     /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
One of Plaintiff's Attorneys
Ohio Bar No. 0079315
Southern District Texas Bar No. 0079315
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Email: jeffrey@lifetimedebtsolutions.com


December 11, 2014